Hat, Judge,
delivered the opinion of the court:
The facts in this case have been stipulated by the parties, and are not in dispute. The only question for our decision is, how is the plaintiff’s consolidated invested capital to be computed under section 207 of the revenue act of 1917.
Section 207 of said act reads as follows :
“ Seo. 207. That as used in this title, the term ‘ invested capital’ for any year means the average invested capital for the year, as defined and limited in this title, averaged monthly.
“As used in this title £ invested capital ’ does not include stocks, bonds (other than obligations of the United States), or other assets, the income from which is not subject to the tax imposed by this title nor money or other property borrowed, and means, subject to the above limitations:
“ (a) In the case of a corporation or partnership: (1) Actual cash paid in, (2) the actual cash value of tangible property paid in other than cash, for stock or shares in such corporation or partnership at the time of such payment (but in case such tangible property was paid in prior to January first, nineteen hundred and fourteen, the actual cash value of such property as of January first, nineteen hundred and fourteen, but in no case to exceed the par value of the original stock or shares specifically issued therefor), and (3) paid in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable year: Provided, That (a) the actual cash value of patents and copyrights paid in for stock or shares in such corporation or partnership at the time of such payment shall be included as invested capital, but not to exceed the par value of such stock or shares at the time of such payment, and (5) the good will, trade-marks, trade brands, the franchise of a corporation or partnership or other intangible property shall be included as invested capital if the corporation or partnership made payment bona fide therefor specifically as such in cash or tangible property the value of such good will, trade-mark, trade brand, franchise, or intangible property not to exceed the actual cash or actual cash value of the tangible property paid therefor at the time of such payment; but good will, trade-mark, trade brands, franchise of a corporation or partnership, or other intangible property, bona fide purchased, prior to March third, nineteen hundred and seventeen, for and with interests or shares in a partnership or for and with shares in the capital stock of a corporation (issued prior to March third, nineteen *147 hundred and seventeen), in an amount not to exceed on March third, nineteen hundred and seventeen, twenty per centum of the total interests or shares in the partnership or of the total shares of the capital stock of the corporation shall be included in invested capital at a value not to exceed the actual cash value at the time of such purchase, and in case of issue of stock therefor not to exceed the par value of such stock.”
In the case of a corporation liable for excess-profits taxes under this law the term “ invested capital ” includes “ the actual cash value of tangible property paid in, other than cash, for stock or shares in such corporation or partnership at the time of such payment.”
Corporate stocks are tangible property within the meaning of this act and have been so classified by regulations of the Commissioner of Internal Revenue.
“ Art. 47. Construction of terms ‘ tangible property ’ and 1 intangible property’: The term ‘ other intangible property,’ as used in section 207, will be construed to mean property of a character similar to good will, trade-marks, and the other specific kinds of property enumerated in the same clause. With respect to property not clearly of such a character, rulings will be issued as occasion may demand to indicate whether it shall be regarded as tangible or intangible.
“ The following classes of property, when paid in for stock or shares in a corporation or partnership, will be regarded as tangible property so paid in:
“
“ (d) Bonds.
“ (d) Notes and other evidences of indebtedness.
Bills and accounts receivable.
“ (e) Leaseholds.”
In July, 1912, plaintiff issued its capital stock for the capital stock of Corporation of United Cigar Stores, which in 1909 had been issued for stock of the United Cigar Stores Co. of New Jersey.
Upon the facts and the law applicable thereto, it must be held, in the computation of plaintiff’s consolidated invested capital under section 207 of the revenue act of 1917, that $27,162,000, par value of its original common capital stock, was issued in 1912 in payment for tangible property consisting of capital stock of the Corporation of United *148 Cigar Stores, the value of which is conceded to have been equal to the par value of plaintiff’s common stock then issued.
The plaintiff is therefore entitled to have a judgment for $296,463.29, and it is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.