Moss, Judge,
delivered the opinion of the court:
This is an excess-profits tax case. It is plaintiff’s contention that its consolidated invested capital for the fiscal year ending June 30,1918, which is the subject of this controversy, should have been computed under the provisions of section 240 of the revenue act of 1918, 40 Stat. 1081, and in accord with the provisions of article 864 of Treasury Regulations 45 promulgated thereunder, “ by adding to its entire out *8 standing common and preferred capital stock in the hands-of the public, as of July 1, 1917, viz., $3,318,400, the consolidated surplus as of July 1, 1917, viz., $2,603,844.63, this ■ total being subjected to minor accounting adjustments provided for under the regulations, so as to produce a consolidated invested capital for the group, under the revenue act of 1917, of $5,632,524.62, and under the revenue act of 1918,-$5,546,200.16.” It is shown that if plaintiff’s invested capital should be computed according to this method, plaintiff has overpaid its taxes by the amount of $163,890.26.
In support of its contention as to the method of computing, its invested capital, plaintiff relies upon the decision of this court in the case of United Cigar Stores of America v. United States, 62 C. Cls. 134. The facts in the case cited are briefly stated in the opinion as follows:
“In July, 1912, plaintiff issued its capital stock for the capital stock of Corporation of United Cigar Stores, which in 1909 had been issued for stock of the United Cigar Stores-Co. of New Jersey.
“ Upon the facts and the law applicable thereto, it must be held, in the computation of plaintiff’s consolidated invested capital under section 207 of the revenue act of 1917, that $27,162,000 par value of its original common capital stock, was issued in 1912 in payment for tangible property consisting of capital stock of the Corporation of United Cigar Stores, the value of which is conceded to have been equal to the par value of plaintiff’s common stock then-issued.”
As will presently be shown,, the decision in the foregoing' case is not applicable to the case under consideration. The transaction involved in the instant case was a reorganization-of the American Molasses Company of New Jersey, and an exchange, in May, 1917, of the stock in same for the stock' in the new organization, the American Molasses Company of New York. It was a mere exchange of two shares of the New York company, which had a par value of $3,318,400,.. for one share of the outstanding stock of the New Jersey company, which had a par value of $1,659,200. The stock, of the plaintiff company was acquired, and thereafter held and controlled by the same individuals who had owned and held the stock of the New Jersey company.
*9 Section .207 of the revenue act of 1917, 40 Stat. 300, reads .as follows:
“ That as used in this title, the term ‘ invested capital ’ for any year .means the average invested capital for the year, as defined .and limited in this title, averaged monthly.
* * * * * * *
“(a) In the case of a corporation or partnership: (1) Actual cash paid in, (2) the actual cash value of tangible property paid in other than cash for stock or shares in such .corporation or partnership at the time of such payment (but in case such tangible property was paid in prior to January .first, nineteen hundred and fourteen, the actual cash value of such property as of January first, nineteen hundred and fourteen, but in no case to exceed the par value of the original stock or shares specifically issued therefor), and (3) paid .in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during .the taxable year: Provided, That (a) the actual cash value of patents and copyrights paid in for stocks or shares in such corporation or partnership, at the time of such payment, shall be included as invested capital, but not to exceed the par value of such stock or shares at the time of such payment and (b) the good will, trade-marks, trade brands, the franchise of a corporation or partnership, or other intangible property, shall be included as invested capital if the corporation or partnership made payment bona fide therefor specifically as such in cash or tangible property, the value of such good will, trade-mark, trade brand, franchise, or intangible property not to exceed the actual cash or actual cash value of the tangible property paid therefor at the time of such payment; but good will, trade-marks, trade brands, franchise of a corporation or partnership, or other intangible property, bona fide purchased prior to March third, nineteen hundred and seventeen, for and with, interest or shares in a partnership or for and with shares in the ■capital stock of a corporation (issued prior to March third, nineteen hundred and seventeen), in an amount not to exceed on March third, nineteen hundred and seventeen, twenty ■per centum of the total interest or shares in the partnership or of the total shares of the capital stock of the corporation, shall be included in invested capital at a value not to exceed the actual cash value at the time of such purchase, and in case of issue of stock therefor not to exceed the par value of .such stock * *
*10 Section 381 of the act of 1918, 40 Stat. 1095, contains the following provision:
“ In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received : * *
(Our italics.) Section 208 of the act of 1917 contained the same provision.
The transaction involved herein having occurred subsequent to March 3, 1917, and the total ownership, interest, and control having remained in the same persons, it follows that the foregoing section applies to the transfer of the stock of the New Jersey company to plaintiff company. W. A. Sheaffer Pen Co. v. Commissioner, 9 B. T. A. 842, and the cases therein cited.
Section 326 (a) of the revenue act of 1918 provides as follows:
“ That as used in this title the term ‘ invested capital ’ for any year means (except as provided in subdivisions (b) and (c) of this section) :
“(1) Actual cash bona fide paid in for stock or shares;
“(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus; * * *
“•(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year;
“(4) Intangible property bona fide paid in for stock or shares prior to March 3, Í917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, *11 or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest;
“(5) Intangible property bona fide paid in for stock or shares on or after March 3,1917, in an amount not exceeding
(a) the actual cash value of such property at the time paid in,
(b) the par value of the stock or shares issued therefor, or
(c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year, whichever is lowest: Provided, That in no case shall the total amount included under paragraphs (4) and (5) exceed in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year.”
Inasmuch as the transactions involved in the United Cigar Stores Co. case occurred long prior to March 3, 1917, to wit, on July £5,1912, the decision in that case is not applicable.
In computing plaintiff’s tax liability the Commissioner of Internal Revenue followed the provisions of section 207 of the act of 1917, section 331 of the act of 1918, and section 326 (a) of the act of 1918; and the court is of the opinion that same was correctly computed. •
The petition will be dismissed, and it is so ordered and adjudged.
SiNNOiT, Judge; GeebN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.